Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn (*Pro Hac Vice*)
102 Bergen St. Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Shon Morgan (Bar No. 187736)
(shonmorgan@quinnemanuel.com)
John W. Baumann (Bar No. 288881)
(jackbaumann@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Cristina Henriquez (Bar No. 317445)
(cristinahenriquez@quinnemanuel.com)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5000

Attorneys for ANCESTRY.COM OPERATIONS INC., ANCESTRY.COM INC., and ANCESTRY.COM LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM, INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:20-cv-08437-LB<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed and Proposed Order pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil L.R. 16-9.

1. Jurisdiction & Service

**Plaintiffs' Position:** As described in the complaint, the Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The Plaintiffs have Article III standing based on the deprivation of their statutorily guaranteed rights under Cal. Civ Code § 3344, Ancestry's unjust enrichment and unjustly earned profits from its misappropriation of their names and likenesses, and Ancestry's failure to compensate Plaintiffs for its commercial exploitation of their likenesses. Plaintiffs may assert additional grounds for standing, including mental anguish, upon amendment. Plaintiffs are not aware of any additional parties yet to be served.

**Ancestry's Position:** As set forth in Ancestry's motion to dismiss, Ancestry disputes the Court's subject-matter jurisdiction based on plaintiffs' lack of Article III standing. Ancestry does not otherwise dispute personal jurisdiction or venue and has been served with the complaint.

2. Facts

**Plaintiffs' Position:** Without permission from either the yearbook authors or the Plaintiffs who pictures appear in those yearbooks, Ancestry obtained copies of decades-old yearbooks, digitally extracted the names, likenesses, and biographical details of minor children appearing in those yearbooks, and incorporated their names and likenesses into an advertising scheme designed to sell monthly subscriptions to the website Ancestry.com. As part of that scheme, Ancestry designed on-site messages, emails, and banner ads that incorporate Plaintiffs' names and likenesses. Ancestry delivers these advertisements to potential subscribers to entice the recipients to purchase a subscription to Ancestry.com. Ancestry's business model depends on

attracting new subscribers by showing them advertising messages and on-site records containing the names and photographs of people they might know. Ancestry undertakes these activities without consent from the people whose names and likenesses it exploits for profit.

Significant factual issues in dispute include: (1) whether Ancestry merely "hosts" or "provides access to" user-submitted content, or itself chooses which yearbooks to copy, obtains yearbooks without consulting the authors, and designs and executes an advertising scheme of its own design using Plaintiffs' names and likenesses; (2) whether Ancestry's purpose in using Plaintiffs' names and likenesses is primarily commercial, i.e. designed to solicit payments for subscriptions to Ancestry.com; (3) whether Plaintiffs' names and likenesses have a demonstrable economic value that is understood and exploited by Ancestry in their marketing efforts.

**Ancestry's Position:** Ancestry is a family history and consumer genomics company that provides users access to a variety of historical records to trace their family histories. These sources include family trees, birth, marriage and death records; obituaries, military records, census records, local history books, and many others. Some of these records have been collected by Ancestry, others are contributed by users who upload content. Many of the billions of records available on Ancestry.com have never been accessed by actual users, and exist "unseen" in virtual storage. Here, plaintiffs' claims are premised on Ancestry's inclusion of certain yearbook records in Ancestry's "Yearbook Database." Ancestry provides users with access to these yearbooks in a simple and non-controversial way: it aggregates and makes searchable already-public yearbook information that plaintiffs admit was created by third parties. Thus, if an Ancestry user searches "Jane Johnson, Roseville, California," Ancestry may indicate it has a yearbook image for a person with that name in that location. Subscribers can take the further step of actually viewing the image to determine if it is the Jane Johnson of interest.

It is Ancestry's position this case can be decided as a matter of law based on the facts alleged in the Complaint. *See* ECF No. 13 (Motion to Dismiss). Accordingly, based on the present posture, it is Ancestry's position that no material facts are in dispute that are necessary to

resolve its pending motion and dismiss the case in its entirety.

3. <u>Legal Issues</u>

**Plaintiffs' Position:** Plaintiffs' positions on the legal issues disputed by Ancestry is set forth in its opposition to Ancestry's motions to dismiss and to strike (ECF No. 19.).  Plaintiffs anticipate additional disputed legal issues will arise as the case proceeds. Legal issues presently disputed between the parties and discussed more fully in Plaintiffs opposition include:

- Whether Plaintiffs have alleged standing on any of the asserted grounds, including: denial of a statutory right protecting privacy, *see Davis v. Facebook, Inc.*, 956 F.3d 994 (9th Cir. 2020); Ancestry's unjust profits earned from its use of Plaintiffs' likenesses, *see* Cal. Civ. Code § 3344 (providing damages for "any profits from the unauthorized use") and *Fraley v. Facebook, Inc.*, 830 F.Supp.2d 785 (N.D. Cal. 2011); and Ancestry's failure to compensate Plaintiffs for the fair value of their likenesses, *see Fraley v. Facebook, Inc.*, 830 F.Supp.2d 785 (N.D. Cal. 2011).

- Whether Ancestry's assertion that "actual injury" is an independent element required to assert a claim under Cal. Civ. Code § 3344 is correct, *see, e.g. Davis v. Facebook, Inc.*, 956 F.3d 994 (9th Cir. 2020); *Fraley v. Facebook, Inc.*, 830 F.Supp.2d 785 (N.D. Cal. 2011); *KNB Enterprises v. Matthews*, 78 Cal. App. 4th 362 (2000).

- Whether Ancestry received content "provided by another information content provider" within the meaning of 47 U.S.C. § 230, *see Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), *Fair v. Roommates*, 521 F.3d 1157 (9th Cir. 2008); and whether Ancestry is an "information content provider" with respect to the on-site messages, emails, banner ads, and other advertisements at issue in this case, *see Fair v. Roommates*, 521 F.3d 1157 (9th Cir. 2008).

- Whether Ancestry qualifies for the "newsworthy" exception codified at Cal Civ. Code § 3344(d) for use of a likeness "in connection with any news, public affairs, or sports broadcast or account, or any political campaign", *see Downing v. Abercrombie & Fitch*,

265 F.3d 994, 1001 (9th Cir. 2001).

- Whether copyright pre-emption applies to Ancestry's misappropriation, *see KNB Enterprises v. Matthews*, 78 Cal. App. 4th 362 (2000).
- Whether Plaintiffs have stated a claim for intrusion upon seclusion, *see In re Facebook Inc., Consumer Privacy User Profile Litig.*, 402 F.Supp. 3d 767, 797 (N.D. Cal. 2019).
- Whether Plaintiffs have properly stated a claim to minimum statutory damages, *see Fraley v. Facebook, Inc.*, 830 F.Supp.2d 785 (N.D. Cal. 2011).
- Whether Ancestry has met their burden in proving the anti-SLAPP motion to strike, *see* Cal. Code Civ. P. § 425.16; *Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir. 2009).
- Whether this lawsuit is protected from anti-SLAPP motion practice as a suit brought in the public interest under Cal. Code Civ. P. § 425.17, *see Smith v. Levine Leichtman Capital Partners, Inc.*, 723 F.Supp.2d 1205 (N.D. Cal. 2010).

**Ancestry's Position**: Ancestry's position with respect to the dispositive legal issues at issue is more fully set forth in its pending motion to dismiss (ECF No. 13). These include:

- Whether plaintiffs can allege an actual injury sufficient for standing under Article III of the United States Constitution that was caused by the conduct alleged in the complaint and could be remedied by a decision in their favor. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).
- Whether plaintiffs can allege an actual injury as a required element of their claims under section 3344 of the California Civil Code and California Business and Professions Code section 17200. *See, e.g., Slivinsky v. Watkins-Johnson Co.*, 221 Cal. App. 3d 799, 807 (1990) ("Resulting injury is the *sine qua non* of a cause of action for misappropriation of name"); *Mayron v. Google LLC*, 54 Cal. App. 5th 566, 574 (2020), *reh'g denied* (Oct. 2, 2020), *review denied* (Dec. 9, 2020) (17200 claim may be brought only "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition").
- Whether the challenged conduct falls under the "public affairs" exception to California

Civil Code section 3344. *See, e.g., New Kids On The Block v. News Am. Pub., Inc.*, 745 F. Supp. 1540, 1546 (C.D. Cal. 1990), aff'd, 971 F.2d 302 (9th Cir. 1992) ("gathering information for dissemination to the public" is protected activity under the public affairs exception).

- Whether Ancestry is immune to plaintiffs' state law causes of action pursuant to section 230 of the Communications Decency Act. *See, e.g., Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1125 (9th Cir. 2003) (section 230 barred misappropriation of right of publicity claim).

- Whether plaintiffs' claims are preempted by section 301 of the Copyright Act. *See, e.g., Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1012–13 (9th Cir. 2017) (claims preempted where plaintiffs failed to identify a "use" of name or image outside of inclusion in copyrightable material).

- Whether plaintiffs can plausibly allege a claim for intrusion upon seclusion based on inclusion of publicly-available yearbook excerpts, containing public information, in Ancestry's yearbook database. *See, e.g., Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1144 (S.D. Cal. 2005) ("Numerous cases hold that there is no privacy for a matter already in the public domain."); *Polydoros v. Twentieth Century Fox Film Corp.*, 67 Cal. App. 4th 318, 325 (1997) ("name and former physical appearance are not private facts"); *In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 987–88 (N.D. Cal. 2014) (finding the disclosure of a person's name and identity, contact list, and contents of communications to third-party developers was not highly offensive).

- Whether plaintiffs can assert a standalone cause of action for unjust enrichment claim or, alternatively, if this claim fails with plaintiffs' misappropriation claim.

- Whether plaintiffs have alleged facts to support their claims for statutory damages under California Civil Code section 3344. *See, e.g., Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1243 (N.D. Cal. 2014) (dismissing statutory damages claim where plaintiffs had not alleged mental anguish resulted from the claimed violations).

- Whether plaintiffs' restitution claims should be struck because there is an adequate

remedy at law. *See, e.g., Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072 (9th Cir.), opinion amended and superseded on denial of reh'g, 971 F.3d 834 (9th Cir. 2020).

- Whether plaintiffs' claims must be struck pursuant to California's anti-SLAPP statute. *See* Cal. Code Civ. P. 425.16.

4. Motions

**Plaintiffs' Position:** Ancestry has filed motions to dismiss and to strike that are pending before this Court. Plaintiffs anticipate filing a motion for class certification, and may file discovery motions as the case proceeds.

**Ancestry's Position**: Ancestry's motion to dismiss and anti-SLAPP motion to strike is fully briefed and pending resolution. Should this case proceed past the pleadings, Ancestry anticipates filing a motion for summary judgment and a motion to deny class certification. Additionally, Ancestry may need to file discovery motions, including a motion for a protective order, and, should the case proceed to trial, will file motions in limine and other trial-related and/or post-trial briefs.

5. Amendment of Pleadings

**Plaintiffs' Position:** Plaintiffs do not anticipate adding any parties to the suit. Plaintiffs anticipate filing at least one amended complaint, both to add additional relevant facts learned since the time of filing, and to respond to any ruling issued by this Court on Ancestry's pending motions.

**Ancestry's Position:** N/A

6. Evidence Preservation

**Plaintiffs' Position:** Plaintiffs' counsel certify they have reviewed the ESI Guidelines, have taken reasonable and appropriate steps to comply with those guidelines, and have met and conferred with Ancestry's counsel regarding the same.

**Ancestry's Position**: Ancestry certifies it has reviewed the ESI Guidelines and confirms

it has taken reasonable and appropriate steps to preserve evidence relevant to the issues reasonably evident in this action and has conferred with plaintiffs regarding the same.

7. <u>Disclosures</u>

**Plaintiffs' Position:** Based on a meet and confer between the parties, Plaintiffs understand Ancestry's position is that discovery on all matters relevant to this litigation is stayed because Ancestry has filed a motion to strike the complaint under California's anti-SLAPP statute. Plaintiffs disagree. When an anti-SLAPP motion is filed in federal court, discovery is not stayed if saying discovery would be inconsistent with the permissive discovery rules set forth in Rules 26 and 56 of the Federal Rules of Civil Procedure. *See Stutzman v. Armstrong*, No. 2:13-cv-0116-MCE-KJN (E.D. Cal. Aug. 2, 2013). Following this reasoning, an anti-SLAPP motion in federal court will stay discovery only if "the issues raised in an anti-SLAPP motion are clean legal issues that render discovery irrelevant to the resolution of the motion." *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, No. 15-cv-03522-WHO, at *8 (N.D. Cal. Aug. 27, 2015). If the anti-SLAPP motion implicates factual issues where discovery is necessary to resolve the motion, discovery is not stayed.

Here, Plaintiffs believe Ancestry's anti-SLAPP motion is legally deficient and can be dismissed on the briefing alone, as Plaintiffs argued in our opposition. But if the Court entertains the anti-SLAPP motion and concludes it is not deficient as a matter of law, discovery will be needed to decide the motion, both to determine whether Ancestry can meet its affirmative burden of showing the Plaintiffs' claims concern "speech . . . in connection with a public issue," and for Plaintiffs to make a prima facie of showing of facts to sustain a favorable judgment. *See Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir. 2009). Discovery necessary to resolve the anti-SLAPP motion includes:

- Discovery regarding the design and content of all marketing tools, including on-site messages, banner ads, and advertising emails, that Ancestry produces using the names and likenesses of class members; and
- Discovery of internal communications around the design and purpose of the on-

site messages, banner ads, and advertising emails that use Plaintiffs' names and likenesses.

**Ancestry's Position**: Ancestry objects to the initial disclosure requirement set forth in Federal Rule of Civil Procedure 26(a). Ancestry has filed a motion to strike plaintiffs' complaint pursuant to California's anti-SLAPP statute. Accordingly, discovery is automatically stayed pending resolution of the motion. *See* Cal. Code Civ. P. § 425.16(g); *Aeroplate Corp. v. Arch Ins. Co.*, 2006 WL 3257487, at *7 (E.D. Cal. Nov. 9, 2006) (recognizing anti-SLAPP discovery limitation applies where, as here, "anti-SLAPP motion can be resolved purely as a matter of law without reference to declarations, affidavits and other materials that lie outside the record.").

8. Discovery

**Plaintiffs' Position**: see response to "Disclosures" above.

**Ancestry's Position**: Ancestry's filing of the motion to strike pursuant to California's anti-SLAPP statute automatically stays discovery pending resolution of the motion. *See* Cal. Code Civ. P. § 425.16(g); *Aeroplate*, 2006 WL 3257487 at *7 (recognizing anti-SLAPP discovery limitation applies where, as here, "anti-SLAPP motion can be resolved purely as a matter of law without reference to declarations, affidavits and other materials that lie outside the record."). Accordingly, it is Ancestry's position it is premature to engage in discovery or to try to establish a schedule for discovery. This is especially true in light of the automatic right to appeal the denial of an anti-SLAPP motion, which appeal would result in an automatic stay of the district court proceedings (including discovery) until the appeal is resolved. *See, e.g., DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013) ("[W]e hold that the denial of a motion to strike made pursuant to California's anti-SLAPP statute remains among the class of orders for which an immediate appeal is available."); *In re NCAA Student-Athlete Name & Likeness Litig.*, 2010 WL 5644656, at *3 (N.D. Cal. Dec. 17, 2010) ("EA's appeal imposes an automatic stay of all proceedings related to the issues raised in its anti-SLAPP motion to

strike.").

9. Class Actions

**Plaintiffs' Position**: Plaintiffs anticipate filing a motion for class certification after Ancestry's pending motions to dismiss and strike are resolved. Plaintiffs' counsel certify they have reviewed the Procedural Guidance for Class Action Settlements.

**Ancestry's Position**: Ancestry certifies all attorneys as counsel of record for Ancestry have reviewed the Procedural Guidance for Class Action Settlements.

10. Related Cases

**Plaintiffs' Position**: In addition to the cases identified by Ancestry, Plaintiffs identify two additional pending cases against PeopleConnect, Inc., which owns and operates the website Classmates.com: (1) *Bonilla v. PeopleConnect, Inc.*, Case No. 1:21-cv-0051 (N.D. Ill.), and (2) *Callahan v. PeopleConnect, Inc.*, Case No. 3:20-cv-09203 (N.D. Cal.). The cases against Classmates.com are based on similar conduct by a defendant whose business practices are similar to those of Ancestry.com.

**Ancestry's Position**:  Ancestry identifies two cases pending before other courts as related to this action:  (1) *Sessa v. Ancestry.com*, Case No. 2:20-cv-02292-GMN-BNW (D. Nev.); and (2) *Bonilla v. Ancestry.com*, Case No. 1:20-cv-07390 (N.D. Ill.).  Both were filed by counsel for plaintiffs here, and both assert similar state-law claims against Ancestry on behalf of putative state classes whose yearbook information appeared on Ancestry's website.

11. Relief

**Plaintiffs' Position:** Plaintiffs seek injunctive, declaratory, and monetary relief as described in the complaint. Plaintiffs are entitled to minimum statutory damages of $750 per violation pursuant to Cal. Civ. Code § 3344, which may be calculated by awarding $750 for each photograph of a class member Ancestry misappropriated. Plaintiffs are entitled to Ancestry's unjustly earned profits from its use of their likenesses, which may be calculated by (a)

Ancestry's total subscription revenues, multiplied by the proportion of records in its databases corresponding to likenesses misappropriated from Plaintiffs; or (b) the difference between Ancestry's cost of acquisition for a customer who is not advertised to using the names and likenesses of Plaintiffs, and one who is; or (c) other methods to be determined by counsel and this Court. Plaintiffs are entitled to the fair value of their likeness for which Ancestry failed to compensate them, which may be calculated by determining the fair market value for the use of non-celebrity likenesses in advertising materials.

**Ancestry's Position**: It is Ancestry's position plaintiffs are not entitled to any damages. Further, it is Ancestry's position it would not be feasible to calculate class damages in this action even if liability is established.

12. Settlement and ADR

**Ancestry and Plaintiffs' Position**: The parties have conferred and agree any mediation would be most productive following final resolution of Ancestry's pending motion to dismiss and anti-SLAPP motion to strike. The parties also agree, subject to approval from the Court, to participate in private mediation. *See* ADR L.R. 3-4(b).

13. Consent to Magistrate Judge For All Purposes

**Ancestry's and Plaintiffs' Position**: All parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References

**Plaintiffs' Position:** At this time Plaintiffs do not believe reference to a binding arbitration, special master, or the JPML is appropriate.

**Ancestry's Position:** Ancestry does not presently believe this case is suitable for

reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

**Plaintiffs' Position:** Ancestry's pending motions to dismiss and to strike raise numerous issues, most of which do not fairly apply to the case at hand. Many of these pending issues could be resolved by an order denying Ancestry's motions.

**Ancestry's Position**: Ancestry's pending motion to dismiss and anti-SLAPP motion to strike, if granted, would resolve all of plaintiffs' claims. To the extent any of plaintiffs' claims proceed past the pleadings, Ancestry believes it likely that issues could be resolved through a motion for summary judgment and/or a motion to deny class certification.

16. Expedited Trial Procedure

**Plaintiffs' Position:** Plaintiffs do not believe this case is appropriate for the Expedited Trial Procedure.

**Ancestry's Position:** Ancestry does not believe this case is appropriate for the Expedited Trial Procedure.

17. Scheduling

**Plaintiffs' Position**: see response to "Disclosures" above.

**Ancestry's Position**: Ancestry's filing of the motion to strike pursuant to California's anti-SLAPP statute automatically stays discovery pending resolution of the motion. *See* Cal. Code Civ. P. § 425.16(g); *Aeroplate*, 2006 WL 3257487 at *7 (recognizing anti-SLAPP discovery limitation applies where, as here, "anti-SLAPP motion can be resolved purely as a matter of law without reference to declarations, affidavits and other materials that lie outside the record."). Accordingly, it is Ancestry's position it is premature to try to establish a case schedule. This is especially true in light of the automatic right to appeal the denial of an anti-SLAPP motion, which appeal would result in an automatic stay of the district court proceedings (including discovery) until the appeal is resolved. *See, e.g., DC Comics v. Pac. Pictures Corp.*,

706 F.3d 1009, 1015 (9th Cir. 2013) ("[W]e hold that the denial of a motion to strike made pursuant to California's anti-SLAPP statute remains among the class of orders for which an immediate appeal is available."); *In re NCAA Student-Athlete Name & Likeness Litig.*, 2010 WL 5644656, at *3 (N.D. Cal. Dec. 17, 2010) ("EA's appeal imposes an automatic stay of all proceedings related to the issues raised in its anti-SLAPP motion to strike.").

18. Trial

**Plaintiffs' Position:** As noted in the complaint, Plaintiffs demand a jury trial. There are numerous factual issues in dispute, including: the manner by which Ancestry acquires and digitally copies yearbooks; whether the on-site marketing messages, emails, and banner ads Ancestry creates using Plaintiffs' likenesses constitute advertisement designed to solicit paid subscriptions to Ancestry.com; and whether and to what extent Ancestry's internal communications and communications to investors indicate the financial value it places on Plaintiffs' names and likenesses. At this stage, Plaintiffs' believe it is premature to estimate the expected length of the trial.

**Ancestry's Position**: Plaintiff has demanded a jury trial.  It is Ancestry's position it is premature to estimate the length of the trial in light of the dispositive issues raised in its motion to dismiss and, should the case proceed past the pleadings, a determination whether this action is suitable for class treatment.

19. Disclosure of Non-party Interested Entities or Persons

**Plaintiffs' Position:** Plaintiffs have not yet filed the "Certification of Interested Entities or Persons," but intend to do so shortly. Plaintiffs will certify pursuant to Rule 3-15(a)(2) that they have no interests to disclose other than that of the named parties to the action.

**Ancestry's Position:**  Ancestry has filed the "Certification of Interested Entities or Persons."  *See* ECF No. 14.  Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in

controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Ancestry US Holdings Inc. is the parent company of Defendant Ancestry.com Inc., which is the parent company of Defendant Ancestry.com Operations Inc.  Ancestry.com Holdings LLC is the parent company of Defendant Ancestry.com LLC.

20. Professional Conduct

**Plaintiffs' Position**: Plaintiffs certify all counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Ancestry's Position:** Ancestry certifies all counsel of record for Ancestry have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully submitted,

Dated: February 25, 2021

　　/s/ Michael F. Ram　　
Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn (*Pro Hac Vice*)
102 Bergen St. Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

Dated: February 25, 2021

　 /s/ Jack W. Baumann　　　
QUINN EMANUEL URQUHART & SULLIVAN, LLP

John W. Baumann (Bar No. 288881)
jackbaumann@quinnemanuel.com
Shon Morgan (Bar No. 187736)
shonmorgan@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Cristina Henriquez (Bar No. 317445)
cristinahenriquez@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5000

Attorneys for ANCESTRY.COM OPERATIONS INC., ANCESTRY.COM INC., and ANCESTRY.COM LLC