Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

Benjamin R. Osborn (*Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiffs
and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM, INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br>    Defendants. | Case No.: 3:20-cv-8437-LB<br><br>MOTION FOR INDICATIVE RULING RECOGNIZING INTERVENING CHANGE IN LAW<br><br>Complaint Filed: Dec. 18, 2020<br>Magistrate Judge Laurel Beeler |

## I. PRELIMINARY STATEMENT

On June 15, 2021, this Court entered an Order dismissing Plaintiffs' First Amended Complaint on grounds that "the plaintiffs do not have Article III standing." Dkt. No. 46, at *2 ("June 15 Order").[1] On June 25, the Supreme Court of the United States decided *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). *TransUnion* explained that "concrete injury" under Article III requires that "the injury to the plaintiff ha[ve] a close relationship to a harm traditionally recognized as a basis for a lawsuit in American courts." *Id*. at *9, *quoting Spokeo v. Robins*, 578 U.S. 330, 341 (2016). The Supreme Court held that class members "whose reports were disseminated to third parties suffered a concrete injury" because their harm bore a "close relationship to the harm associated with the tort of defamation." *Id.* at *17.

On September 16, Judge Gloria M. Navarro of the District Court of Nevada denied Ancestry's motion to dismiss parallel statutory right of publicity claims. *Sessa v. Ancestry.com Operations*, No. 2:20-cv-022292-GMN-BNW, 2021 WL 4245359 (Sept. 16, 2021).[2] The *Sessa* court ruled that, under *TransUnion*, "Plaintiffs have standing to sue under the Nevada Right of Publicity Act" because "the right of publicity has existed at common law, and the legislature codified that right." *Id.* at *5 (*citations omitted*). Judge Navarro "decline[d] to follow" this Court's conclusion regarding standing "because its order did not address whether the plaintiffs' statutory injury had a common law analog as required by *Spokeo* and *TransUnion*." *Id.* at *6. Statutory right of publicity claims originate in common law. *Id.*

Under Fed. R. Civ. P. 62.1, a district court may issue an indicative ruling while an appeal is pending. *TransUnion* represents an intervening change in controlling law, which justifies relief from the June 15 Order under Fed. R. Civ. P. 60(b). Accordingly, Plaintiffs respectfully request an indicative ruling stating that were the Ninth Circuit to remand for reconsideration under Rule 60(b), this Court would grant a motion to reconsider the June 15 Order. Alternatively, Plaintiffs

---

[1] This Court also ruled that "Ancestry is immune from liability under the Communications Decency Act." This motion does not address this Court's ruling on the applicability of the CDA to Ancestry.com.
[2] A copy of Judge Navarro's Order is attached.

respectfully request an indicative ruling stating that Plaintiffs' standing represents a substantial issue in light of *TransUnion*.

## II.     LEGAL STANDARD

"To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). Under Rule 62.1, the district court has three options: it may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Knight v. Trimble*, 10-cv-00276-SBA, 2013 WL 6140743 at *2 (N.D. Cal. Nov. 21, 2013) (*quoting* Fed. R. Civ. P. 62.1).

"Rule 60(b)(6) provides that . . . the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443-44 (9th Cir. 2019). "Clause (6) should be liberally applied to all situations not covered by the preceding five clauses." *Id.* (*quotation omitted*). Courts regularly grant Rule 60(b)(6) motions based on an intervening change in the controlling law. *See, e.g.*, *id.* (granting Rule 60(b) motion based on intervening Supreme Court decision).

The Ninth Circuit has adopted a seven-factor test for when a change in intervening law merits the granting of a Rule 60(b)(6) motion for reconsideration. Courts must consider:

(1) "[T]he nature of the intervening change in the law."

(2) "Plaintiffs' diligence in pursuing relief."

(3) "[T]he parties' reliance interest in the finality of the case."

(4) "Delay between the judgment and the motion for Rule 60(b)(6) relief."

(5) The "relationship between the original judgment and the change in the law."

(6) "[C]oncerns of comity."

(7) "Additional considerations" including "the importance of heeding the intent of the rulings of federal appellate courts."

*Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 446-54 (9th Cir. 2019) (*quoting Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009)).

### III.     ARGUMENT

Here, six of the seven of the *Henson/Phelps* factors support relief under Rule 60(b)(6). The remaining factor is irrelevant because no state court decision is involved.

First, the intervening change in law is directly applicable. *TransUnion* requires that when district courts evaluate Article III standing, they "should assess whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing the basis for a lawsuit in American courts." *TransUnion*, at *9. In the June 15 Order, this Court did not perform the analysis that is now required by *TransUnion*. *Sessa*, at *10; *see also* June 15 Order.

The first factor "favor[s] granting relief" when "the change in the law adopted the legal position that [the plaintiff] had unsuccessfully advocated all along." *Henson*, at 446 (*citing Phelps*, at 1131). That is what happened here. Plaintiffs advocated they had standing because Cal. Civ. Code § 3344 codifies a common law right that "traditionally has been regarded as providing a basis for a lawsuit." Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opposition"), ECF No. 38, at *3-4. In its June 15 Order this Court did not address the connection between Cal. Civ. Code § 3344 and the common law right of publicity. *See* June 15 Order (reasoning that "the rights protected by § 3344 are not analogous to the fundamental and historical privacy rights" implicated by CIPA, the Wiretap Act, and Stored Communications Act, but not addressing the historical common law basis for the right of publicity).

Second, Plaintiffs have been diligent in pursuing relief. Plaintiffs filed this motion within a week of Judge Navarro's decision in *Sessa* and within three months of the Supreme Court's *TransUnion* decision.

Third, Ancestry has no relevant "reliance interest in the finality" of the June 15 Order. *See Henson*, at 450. Ancestry has not "change[d] [its] legal position in reliance on that judgment," nor has Ancestry invested in building improvements on property that would change hands if the judgment were reversed. *See Henson*, at 450.

Fourth, there has been no delay between the "finality of the judgment" and the present motion seeking relief under Rule 60(b). *See Henson*, at 451. Under *Henson* and *Phelps*, delay is measured from "when the original judgment . . . became final after appeal." *Id.* at 452 (*quoting*

*Phelps*, at 1138 n. 21). Where, as here, an appeal is still pending at the time of the Rule 60(b) motion, there is no delay and this factor "weighs in favor of granting Rule 60(b)(6) relief." *Id.*

<u>Fifth</u>, there is a "close connection" between this Court's June 15 Order and *TransUnion* because *TransUnion* modifies the standing analysis upon which this Court based its ruling. *See* June 25 Order, at *6. The *TransUnion* decision makes clear that district courts analyzing statutory standing must evaluate whether the statute is rooted in a common law right. *TransUnion*, at *9.

<u>Sixth</u>, the "comity" factor does not apply because there is no interaction "between the independently sovereign state and federal judiciaries." *See Henson*, at 453. Both this Court's June 25 Order and *TransUnion* are federal.

<u>Seventh</u>, the "additional factor" identified by *Henson* weighs in favor of granting relief under Rule 60(b)(6) because this motion implicates "the importance of heeding the intent of the rulings of federal appellate courts." *Henson*, at 453 (reversing district court's denial of Rule 60(b)(6) motion and stating the court should have "consider[ed] how best to stay true to the Supreme Court's reasoning in [the intervening case]." *Id.*

Courts in the Ninth Circuit regularly issue indicative rulings under Rule 62.1 based on a change in intervening law, or when there are other grounds for relief under Rule 60(b)(6). *See, e.g. Bank of Am. v. Ridgeview Homeowners Ass'n*, No. 2:16-CV-2211 JCM-NJK, 2019 WL 3400627 at *3 (D. Nev. July 26, 2019) (indicative ruling stating that the court "will grant [the movant's] motion for reconsideration upon remand" based on an intervening ruling of the Nevada Supreme Court); *Knight v. Trimble*, 10-cv-00276 SBA, 2013 WL 6140743 at *4 (N.D. Cal. Nov. 21, 2013) (indicating Rule 60(b)(6) motion presented a "substantial issue" and court would accept remand to consider); *Bollinger v. Gittere*, No. 2:98-cv-01263-MMD-PAL, 2019 WL 2411417 at * 1 (D. Nev. June 7, 2019) (same).

Plaintiffs respectfully request this Court issue an indicative ruling stating that it would grant a Rule 60(b)(6) motion to reconsider its June 15 Order regarding standing in light of *TransUnion*. Alternatively, Plaintiffs respectfully request an indicative ruling that Plaintiffs'

MOTION FOR INDICATIVE RULING                                    CASE NO.: 3:20-CV-8437-LB
RECOGNIZING INTERVENING CHANGE IN LAW - 4

Rule 60(b)(6) motion represents a "substantial issue" and that this Court would accept remand from the Ninth Circuit to hear it.

Dated: September 23, 2021   By:   /s/ Michael F. Ram

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn
(admitted *Pro Hac Vice*)
102 Bergen St. Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

*Attorney for Plaintiffs
and the Proposed Class*