QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  (shonmorgan@quinnemanuel.com)
  John W. Baumann (Bar No. 288881)
  (jackbaumann@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:      (213) 443-3000
Facsimile:      (213) 443-3100

  Cristina Henriquez (Bar No. 317445)
  (cristinahenriquez@quinnemanuel.com)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5000

Attorneys for ANCESTRY.COM OPERATIONS INC.
4:21-cv-07652-JST (N.D. Cal.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEREDITH CALLAHAN and LAWRENCE GEOFFREY ABRAHAM, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM, INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 3:20-cv-08437-LB<br><br>**UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12)**<br><br>Hon. Laurel Beeler |

Pursuant to Local Rules 3-12 and 7-11, Ancestry.com Operations Inc., the defendant in *Zhang et al. v. Ancestry.com Operations Inc.*, 4:21-cv-07652-JST, moves the Court to consider whether the *Zhang* case should be related to the above-captioned case—*Callahan et al. v. Ancestry.com Inc. et al.*, Case No. 3:20-cv-08437-LB.[1]  The parties have conferred and plaintiffs do not oppose this motion.  Local Rule 3-12 states: "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a).  Each requirement is satisfied here.

## I.  THE ACTIONS CONCERN SUBSTANTIALLY THE SAME PARTIES, EVENTS, AND CLAIMS

Both *Zhang* and *Callahan* are brought by representatives of the same putative class against the same defendants and assert claims stemming from the same events.  The proposed classes are the same: both consist of California residents "whose names, photographs, and/or likenesses" are "used" by Ancestry.  *Compare Zhang*, Case No. 4:21-cv-07652-JST (N.D. Cal.), ECF No. 1-1, Ex. 3 (Complaint) at ¶ 59,[2] *with Callahan*, ECF Nos. 1 (Complaint) at ¶ 58, 32 (First Amended Complaint) at ¶ 78.  Both *Zhang* and *Callahan* were brought against one or more Ancestry entities and no other defendant.  *Compare Zhang*, Case No. 4:21-cv-07652-JST (N.D. Cal.), ECF No. 1-1, Ex. 3, *with Callahan*, ECF Nos. 1, 32.

In addition, *Zhang* and *Callahan* are premised on substantially the same factual allegations and events.  Both contend Ancestry's alleged "use" of public yearbook records gives rises to claims under right of publicity and privacy-based causes of action.  *Compare Zhang*, Case No. 4:21-cv-07652-JST (N.D. Cal.), ECF No. 1-1, Ex. 3 at ¶¶ 18, 19, 29, 42, 63-99 (Zhang and Tseng base their common law and statutory claims for misappropriation of likeness, intrusion upon

---

[1]  In compliance with Local Rule 3-12(b), Ancestry files this motion in *Callahan*, the lowest-numbered, first-filed case in this District.

[2]  The Court may take judicial notice of documents filed in *Zhang*. *See, e.g., United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

seclusion, unjust enrichment, and unfair competition law on Ancestry's "use" of their yearbook information), *with Callahan*, ECF Nos. 1 at ¶¶ 2, 25, 37, 66-89 (claims for statutory misappropriation of likeness, intrusion upon seclusion, unjust enrichment, and unfair competition law based on Ancestry's "use" of their yearbook information), 32 at ¶¶ 3, 26, 46, 86-110 (claims for statutory misappropriation of likeness, intrusion upon seclusion, unjust enrichment, and unfair competition law based on Ancestry's "use" of their yearbook information).

These circumstances render it appropriate to relate the *Zhang* and *Callahan* actions. *See, e.g., In re Facebook Priv. Litig.*, No. C 10-02389-JW, 2010 WL 5387616, at *1 (N.D. Cal. Dec. 21, 2010) (relating cases that "involve substantially the same parties: Defendant Facebook, and overlapping classes" and "[a]ll cases involve overlapping causes of action and factual inquiries."); *In re Leapfrog Enterprises, Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *1 (N.D. Cal. July 5, 2005) (relating cases where the complaints and classes overlap and "[b]oth name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act").

## II. PROCEEDING BEFORE DIFFERENT JUDGES WOULD UNNECESSARILY DUPLICATE EFFORT AND EXPENSE

Both *Zhang* and *Callahan* involve substantially the same claims challenging the permissibility of Ancestry's re-publication of plaintiffs' public information. Where the actions involve substantially the same parties and claims stemming from the same event, courts conclude there would be a risk of "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civil L.R. 3-12(a); *See, e.g., In re Facebook Priv. Litig.*, 2010 WL 5387616, at *1 (N.D. Cal. Dec. 21, 2010) (finding "a risk of 'an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges' where all cases involved "overlapping causes of action and factual inquiries."); *In re Leapfrog Enterprises, Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *1 (N.D. Cal. July 5, 2005) (it would be unfair "to require [defendant] to defend similar lawsuits in two Divisions of the same court at the same time" where the overlapping

classes' complaints name "the same defendants, make similar factual allegations, and seek redress for violation of the same" statute.)

Further, relating the cases would conserve party resources and minimize the burden on Ancestry of re-litigating of the same issues raised by the same putative class.

### III. PLAINTIFFS DO NOT OPPOSE THE REQUESTED RELIEF

Counsel for the parties conferred on October 15, 2021 and agreed that: (1) plaintiffs will not oppose this motion and, (2) in the event the *Zhang* case is re-assigned to this Court and subject to the Court's availability, plaintiffs and defendant will stipulate to a hearing date for the pending remand motion that is as close as possible to the currently noticed date of November 18, 2021.

### CONCLUSION

Because *Zhang* and *Callahan* involve substantially the same putative class of California residents, substantially the same defendants (one or more of the Ancestry entities), and substantially the same claims stemming from substantially the same events—Ancestry's alleged "use" of yearbook records—the requirements of Civil Local Rule 3-12 are satisfied and *Zhang* should be related to *Callahan* and reassigned to this Court.

DATED: October 15, 2021                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Shon Morgan*
Shon Morgan
Attorneys for ANCESTRY.COM OPERATIONS INC. in *Zhang*, 4:21-cv-07652-JST (N.D. Cal.)

# **CERTIFICATE OF SERVICE**

In compliance with 3-12(b) and 5-5 of the Civil Local Rules of the Northern District of California, on October 15, 2021, I caused this Administrative Motion To Consider Whether Cases Should Be Related to be served on counsel of record for all known parties to each apparently related action at the email addresses below:

| *Zhang et al. v. Ancestry.com Operations Inc.,*. No. 4:21-cv-07652-JST (N.D. Cal.) | **Counsel for Plaintiffs:**<br>Michael F. Ram<br>mram@forthepeople.com<br><br>Marie N. Appel<br>mappel@forthepeople.com<br><br>Benjamin R. Osborn<br>ben@benosbornlaw.com<br><br>Samuel J. Strauss<br>sam@turkestrauss.com |
|---|---|

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  October 15, 2021          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Shon Morgan*
Shon Morgan
Attorneys for ANCESTRY.COM OPERATIONS INC. in *Zhang*, 4:21-cv-07652-JST (N.D. Cal.)