UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MEREDITH CALLAHAN, et al., | Case No. 3:20-cv-08437-LB |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR INDICATIVE RULING** |
| ANCESTRY.COM INC., et al., | Re: ECF No. 57 |
| Defendants. | |

## INTRODUCTION

The parties dispute whether the court should issue a ruling under Federal Rule of Civil Procedure 62.1 indicating that it would reconsider the order dismissing the plaintiffs' First Amended Complaint based on the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). The *TransUnion* decision did not change the applicable law such that it is an "extraordinary circumstance" that justifies relief under Federal Rule of Civil Procedure 60(b). It thus does not create a "substantial issue" for purposes of Federal Rule of Civil Procedure 62.1.

## ANALYSIS

The plaintiffs contend that the Supreme Court's *TransUnion* decision is an intervening change in the law that justifies relief from the court's order dismissing the plaintiffs' First Amended Complaint. The specific alleged intervening change is the Court's instruction directing trial courts

ORDER – No. 20-cv-08437-LB

to consider "whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing the basis for a lawsuit in American courts."[1] *TransUnion*, 141 S. Ct. at 2204. The defendants respond that the *TransUnion* decision restated existing law that was articulated in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), *as revised* (May 24, 2016), and that the court considered the arguments the plaintiffs now seek to raise through a Rule 60(b) motion.[2]

The proper procedure to seek Rule 60(b) relief during the pendency of an appeal "is to ask the district court whether it wishes to entertain the motion, or to grant it." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). Some courts have, however, held that because Federal Rule of Civil Procedure 62.1 was added after *Williams* and because Rule 62.1 is predicated on a pending motion for relief, a Rule 62.1 ruling is only appropriate when a Rule 60(b) motion is actually pending. *Lipsey v. Reddy*, No. 1:17-CV-00569-LJO-BAM (PC), 2019 WL 3080769, at *1 (E.D. Cal. July 15, 2019), *aff'd sub nom. Lipsey v. Hernandez*, 848 F. App'x 725 (9th Cir. 2021) ("[P]rocedurally there is no basis for an independent, free-standing Rule 62.1 motion, asking the district court, in the abstract as it were, to advise the court of appeals what it would do if the court of appeals were to remand the case.") (citing and quoting *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015)); *see* Fed. R. Civ. P. 62.1 (providing that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending" the court may defer, deny, or state that it would grant the motion or that the motion raises a "substantial issue.").

Other courts have found that the procedure described in *Williams* remains correct even when a Rule 60(b) motion is not pending. *McKinley v. McDonald*, No. C 12-5048 RS PR, 2013 WL 210244, at *1 (N.D. Cal. Jan. 17, 2013) ("[T]he first step for petitioner is to file a motion in the 2009 (Case No. 09–3865 RMW) action asking the district court whether it will entertain a Rule 60(b) motion that seeks to add claims to the existing § 2254 petition."); *Barroca v. Sanders*, No.

---

[1] Pls.' Mot. for Indicative Ruling – ECF No. 57 at 2–4 (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. at 2204). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Defs.' Opp'n to Pls.' Mot. for Indicative Ruling – ECF No. 59 at 4.

C-12-4146 EMC PR, 2012 WL 5350258, at *4 (N.D. Cal. Oct. 29, 2012) ("When a petitioner wants to file a Rule 60(b) motion in a case already on appeal, the petitioner may request the district court to indicate whether it would entertain such a motion.") (citing *Williams*); *c.f. Lawson v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2018 WL 6190316, at *2–4 (N.D. Cal. Nov. 28, 2018) (finding that the failure to file a Rule 60(b) motion before seeking an indicative ruling under Rule 62.1 was a "procedural defect," but construing and considering the Rule 62.1 motion as a Rule 60(b)(6) motion). This court, following other courts in this district, considers the plaintiffs' motion for an indicative ruling despite the lack of an underlying Rule 60(b) motion.

Because there is no pending Rule 60(b) motion, there is no basis for the court to say whether it would deny or grant the motion. The court can, however, state whether the proposed Rule 60(b) motion would raise a "substantial issue" without tying "the district court to a particular ruling on the motion after remand." *Apple Inc. v. Samsung Elecs. Co.,* No. 11-CV-01846-LHK, 2012 WL 4097751, at *3 (N.D. Cal. Sept. 17, 2012) (citing *In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.*, 810 F. Supp. 2d 1060, 1066 (C.D. Cal. 2011), *rejected on other grounds by Kilgore v. KeyBank, Nat'l Ass'n*, 673 F.3d 947 (9th Cir. 2012)).

The court has discretion when ruling on a Rule 60(b) motion. *Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007). The Ninth Circuit has identified seven factors relevant to a Rule 60(b) motion based on a change in the law: (1) the nature of the change in intervening law; (2) plaintiffs' diligence; (3) the reliance interest in the finality of the case; (4) the delay between judgment and the Rule 60(b) motion; (5) the relationship between the original judgment and the change in the law; (6) concerns of comity; and (7) additional considerations. *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 446–54 (9th Cir. 2019) (citing *Phelps v. Alameida*, 569 F.3d 1120, 1135–39 (9th Cir. 2009). But these factors do not constitute a rigid framework. *Strafford v. Eli Lilly & Co.*, 801 F. App'x 467, 469 n.1 (9th Cir. 2020).

When courts have found that a proposed Rule 60(b) motion raises a substantial issue under Rule 62.1, those findings have typically been based on newly discovered evidence. *See, e.g., Russell Rd. Food & Beverage, LLC v. Galam*, No. 2:13-CV-776 JCM (NJK), 2013 WL 2949615, at *3 (D. Nev. June 13, 2013) (finding that new evidence created a substantial issue); *Kravitz v.*

*United States Dep't of Com.*, 382 F. Supp. 3d 393, 401–03 (D. Md. 2019) (finding that newly discovered evidence raised a substantial issue and granting Rule 62.1 motion on that basis); *c.f. Kasper Smoke Kastle LLC v. Atl. Cas. Ins. Co.*, No. CV-18-00950-PHX-JAT, 2020 WL 5658917, at *3 (D. Ariz. Sept. 23, 2020) (finding that even though deposition testimony was likely inaccurate, the evidence was not material to the verdict and does not justify relief under Rule 60(b)). This is unsurprising given that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *see Strafford*, 801 F. App'x at 469 (finding that prevailing on Rule 60(b) motion based on a change in the law requires showing "extraordinary circumstances").

Some courts have, however, found that a "substantial issue" exists based on an intervening change in the law. *See, e.g., In re DirecTV Early Cancellation Fee Mktg. & Sales Pracs. Litig.*, 810 F. Supp. 2d 1060, 1066 (C.D. Cal. 2011), *rev'd sub nom. Lombardi v. DirecTV, Inc.*, 546 F. App'x 715 (9th Cir. 2013), and *rev'd and remanded sub nom. Lombardi v. DirecTV, Inc.*, 549 F. App'x 617 (9th Cir. 2013). In *In re DirecTV*, the court found that the Supreme Court's holding in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), which overruled *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005), created a "substantial issue" because *Discover Bank* had been central to the denial of plaintiffs' motion to compel arbitration. *Id.* at 1066; *see also Henson*, 943 F.3d at 445 (finding that change in law, which deprived appellate court of jurisdiction over interlocutory order of district court that had previously been established by stipulated judgment, and circumstances of the case were "sufficiently 'extraordinary'" to warrant relief under Rule 60(b)(6) from stipulated judgment).

Here, the plaintiffs' argument is not based on a change of law that overturned precedent on which the court relied in ruling on the defendants' motion to dismiss. Rather, the plaintiffs seek an indicative ruling that a Rule 60(b) motion would raise a substantial issue simply because the Supreme Court expanded upon in its decision in *Spokeo* in *TransUnion*. The plaintiffs cite portions of the decision in *TransUnion* that merely quoted *Spokeo*. *See TransUnion*, 141 S. Ct. at 2204 ("And with respect to the concrete-harm requirement in particular, this Court's opinion in *Spokeo v. Robins* indicated that courts should assess whether the alleged injury to the plaintiff has

a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts."); *cf. Spokeo, Inc. v. Robins*, 578 U.S. at 341 ("[I]t is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.").

Furthermore, the plaintiffs quote from *Sessa v. Ancestry.com Operations Inc.*, where the District of Nevada found that this court "did not address whether the plaintiffs' statutory injury had a common law analog as required by *Spokeo* and *TransUnion*." No. 220CV02292GMNBNW, 2021 WL 4245359, at *5–6 (D. Nev. Sept. 16, 2021).[3] In other words, the plaintiffs' own authorities acknowledge that *TransUnion* did not announce a completely new test or overturn precedent that was crucial to this court's order dismissing the First Amended Complaint. The *TransUnion* decision does not amount to the kind of change in the law that could amount to an extraordinary circumstance justifying relief under Rule 60(b).

The plaintiff also argued in their opposition that a violation of California Civil Code § 3344 could establish Article III standing because it codified a "substantive right to privacy," that "California has long recognized a common law right of privacy," and that "[t]he right to publicity is one of four privacy torts traditionally recognized at common law."[4] In response, the defendants noted in their reply in support of the motion to dismiss the first amended complaint that the "common law background" of the right of publicity requires an actual injury, not just a violation.[5] Therefore, the court has already considered the relationship between the alleged harm and harms that have traditionally been "recognized as a basis for a lawsuit in American courts" in accordance with *TransUnion* and *Spokeo*.

The plaintiffs also note that they filed this motion within a week of the decision in *Sessa*, suggesting that the motion is based at least in part on the *Sessa* decision and not the *TransUnion* decision.[6] In this regard, courts have held that persuasive though non-binding decisions are not

---

[3] *See* Pls.' Mot. for Indicative Ruling – ECF No. 57 at 3

[4] Opp'n to Defs.' Mot. to Dismiss – ECF No. 38 at 11–12.

[5] Reply in Supp. of Defs.' Mot. to Dismiss – ECF No. 39 at 7 n.1.

[6] Pls.' Mot. for Indicative Ruling – ECF No. 57 at 5.

sufficient to create a "substantial issue" for purposes of Rule 62.1. *See Kenyon v. Hosp. San Antonio, Inc.*, Civ. No. 14-1516 (SCC), 2017 WL 8775478, at * 2 (D.P.R. Nov. 3, 2017) (denying a motion for reconsideration under Rule 62.1 that was based on a non-binding decision). Accordingly, while the decision in *Sessa* is thorough and persuasive, it is not binding and does not constitute an intervening change in the law sufficient to support a motion under Rule 60(b) or create a "substantial issue" for purposes of Rule 62.1.[7]

While the plaintiffs raise other *Henson* factors, because the *TransUnion* decision is not the kind of extraordinary change in the law that could potentially establish a basis for relief under Rule 60(b), none of the factors warrants individual consideration for purposes of the plaintiffs' Rule 62.1 motion. *See Strafford*, 801 F. App'x at 469 n.1 ("*Henson* . . . was not meant to impose a rigid or exhaustive checklist for evaluating Rule 60(b) claims based on a change in law.") (cleaned up).

## CONCLUSION

The court denies the plaintiffs' motion for an indicative ruling. This disposes of ECF No. 57.

**IT IS SO ORDERED.**

Dated: December 10, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[7] The same reasoning applies to the other recent district court decisions submitted by the plaintiffs. *See* Pls.' Statements of Recent Decisions – ECF Nos. 63 and 70 (citing *Callahan v. PeopleConnect, Inc.*, No. 20-CV-09203-EMC, 2021 WL 5050079 (N.D. Cal. Nov. 1, 2021) and *Bonilla v. Ancestry.com Operations Inc., et al.*, No. 20-C-07390, 2021 WL 5795306 (N.D. Ill. Dec. 7, 2021)).